United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40321
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GUSTAVO GUEVARA-BETANCOURT,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-830-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

        Gustavo Guevara-Betancourt appeals his guilty-plea

conviction and sentence for being found in the United States,

without permission, following removal.  See 8 U.S.C. § 1326(a),

(b).  Guevara-Betancourt argues that the sentencing provisions in

§ 1326(b) are unconstitutional.  Guevara-Betancourt's

constitutional challenge is foreclosed by Almendarez-Torres v.

United States, 523 U.S. 224, 235 (1998).  Although Guevara-

Betancourt contends that Almendarez-Torres was incorrectly

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Guevara-Betancourt properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Guevara-Betancourt also argues that the district court erred by requiring, as a condition of supervised release, that he cooperate in the collection of his DNA as directed by his probation officer. Guevara-Betancourt's complaint is not ripe for review, and we dismiss this part of the appeal. See United States v. Riascos-Cuenu, 428 F.3d 1100, 1102 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.